IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VISHNU RAMSARAN, | : |
| | : |
| Plaintiff, | : CIVIL NO. 3:CV-04-1431 |
| | : |
| vs. | : (CHIEF JUDGE VANASKIE) |
| | : |
| CLINTON COUNTY CORRECTIONAL | : |
| FACILITY, ET AL., | : |
| | : |
| Defendants | |

## M E M O R A N D U M

### Background

Vishnu Ramsaran is a detainee of the Bureau of Immigrations and Customs ("BICE"), currently confined at the York County Prison. He filed this action while an inmate at the Clinton County Correctional Facility. The matter presently proceeds as a consolidated civil rights action pursuant to 42 U.S.C. § 1983. The lead case, Civil Action No. 3:CV-04-1431, was filed on July 2, 2004. In the complaint, Ramsaran alleges that he is legally blind and that the Clinton County Prison failed to provide accommodations for blind inmates. He specifically refers to an incident which occurred on June 2, 2004, when he walked into a door on his way back from the infirmary. He also alleges that he was denied adequate medical treatment with regard to his ensuing injuries. The only defendant named in the action is the Clinton County Correctional Facility.

On July 26, 2004, the court dismissed the complaint for failure to state a claim upon which relief may be granted, and allowed Ramsaran to file an amended complaint within twenty (20) days.[1]  (Dkt. Entry 9.)  On August 16, 2004, an amended complaint was submitted by Ramsaran, but failed to remedy the defects in his original complaint.

The second civil rights action filed by Ramsaran, Civil Action No. 3:CV-04-1622, was filed on July 23, 2004.  Ramsaran names the Department of Homeland Security as the sole defendant, and sets forth the identical allegations as in the earlier action.  He attempts to hold DHS responsible for violating his constitutional rights because he claims that it was DHS that placed him at the Clinton County Facility.

On September 9, 2004, the Court issued a Memorandum and Order consolidating Civil Action No. 04-1622 into Civil Action No. 04-1431 pursuant to Federal Rule of Civil Procedure 42(a).  Further, Ramsaran was directed to file an amended complaint in the consolidated action within fifteen (15) days because the standing amended complaint submitted by Ramsaran in Civil Action No. 04-1431 and the original complaint submitted in Civil Action No. 04-1622 both

---

[1] The complaint failed to state a claim in that the only named defendant, the Clinton County Correctional Facility, is not a person within the meaning of § 1983, and therefore not a properly named defendant.  Ramsaran failed to associate any of the claims set forth in the complaint with any particular individual who allegedly caused the violation of his constitutional rights. (Dkt. Entry No. 9 at 3, 4.)

failed to state a claim upon which relief could be granted.[2] In addition, a motion for counsel filed by Ramsaran was denied.

Presently pending is a second motion for appointment of counsel filed by Ramsaran on September 27, 2004 (Dkt. Entry 16). Also pending are what appear to be two proposed amended complaints submitted by Ramsaran. One of the amended complaints was submitted on September 27, 2004 (Dkt. Entry 17), and the other complaint on September 29, 2004 (Dkt. Entry 18.) For the reasons that follow, the motion for counsel will be denied without prejudice, and the two proposed amended complaints will be read together as the standing amended complaint in this action.

## Discussion

### A.   Motion for Appointment of Counsel

In his earlier motion for counsel, Ramsaran claimed that because of his blindness and because the prison does not have an adequate law library, he was in need of counsel. This motion was denied in accordance with the following well-established principles.

---

[2] In the amended complaint in Civil Action No. 04-1431, the only defendant named was Tom Duran, Warden at the Clinton County Correctional Facility, and Ramsaran failed to set forth any allegations against him in the Statement of Claim section of the complaint. The section was left completely blank. In Civil Action No. 04-1622, the only defendant named was DHS, which, as a federal agency, is not a "person" within the meaning of § 1983. Moreover, sovereign immunity also shielded DHS from suit. (Dkt. Entry 15 at 4-5.)

Prisoners have no constitutional or statutory rights to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. As indicated above, insufficient facts have been alleged to make an assessment of the probable merit of Plaintiff's claims.

Even assuming that the claims did have arguable merit, a weighing of the other pertinent factors militate against appointment of counsel at this time. Those factors are:

    1. The plaintiff's ability to present his or her own case;

    2. The difficulty of the particular legal issues;

    3. The degree to which factual investigation will be necessary and

> the ability of the plaintiff to pursue the investigation;
>
> 4. The plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. The extent to which a case is likely to turn on credibility determinations; and,
>
> 6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

In his pending second motion for appointment of counsel, Ramsaran basically sets forth the identical arguments in support of his first request for the appointment of counsel.  He cites to his legal blindness and the necessity that he rely on other inmates for assistance in preparing submissions to the court.  The fact remains, however, that thus far Ramsaran continues to demonstrate the ability to prepare and submit documents to the Court which are legible, comprehensible and in response to the orders issued by this Court.  Clearly, even though considered legally blind, Ramsaran either possesses the ability to prepare the documents on his own or has access to assistance in preparing his filings.  Further, while Ramsaran complains about the law library at the Clinton County facility, he advised the Court on February 4, 2005, that he has since been transferred to the York County Prison.  Based on the foregoing, the instant motion for counsel (Dkt. Entry 16) will also be denied, but without prejudice to the matter being reconsidered if circumstances change and Ramsaran can demonstrate a need for the assistance of counsel in this matter.

5

### B.    Standing Amended Complaint

In this Court's Memorandum and Order of September 9, 2004, Ramsaran was directed to file an amended complaint in this consolidated matter setting forth his claims against all defendants. Instead of submitting one proposed amended complaint in response to the Court's directive, he appears to have misunderstood the Court and submitted a proposed amended complaint for each of the cases which comprise the consolidated matter. In the interests of justice, the two proposed amended complaints (Dkt. Entries 17 and 18) will be read together as the standing amended complaint in this matter. The named Defendants are Joseph Ceballos, Director of the Department of Homeland Security; Tom Duran, Warden at the Clinton County Correctional Facility; Lieutenant Michael Bechdel; and Correctional Officer Serafini. The United States Marshal will be directed to serve a copy of this Order as well as a copy of the standing amended complaint (Dkt. Entries 17 and 18) on the Defendants named therein.

An appropriate Order follows.

                                                 <u>s/ Thomas I. Vanaskie</u>
                                                 Thomas I. Vanaskie, Chief Judge
                                                 Middle District of Pennsylvania

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VISHNU RAMSARAN,                              :
                                              :
      Plaintiff,                             :   CIVIL NO. 3:CV-04-1431
                                              :
   vs.                                        :   (CHIEF JUDGE VANASKIE)
                                              :
CLINTON COUNTY CORRECTIONAL                   :
FACILITY, ET AL.,                             :
                                              :
      Defendants.

## O R D E R

**NOW, THIS 21st DAY OF APRIL, 2005,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

    1. Plaintiff's second motion for appointment of counsel (Dkt. Entry 16) is denied without prejudice.

    2. The standing amended complaint in this matter consists of Docket Entries 17 and 18. The United States Marshal is directed to serve a copy of the amended complaint and this Order on the Defendants named therein.

                                            s/ Thomas I. Vanaskie
                                            Thomas I. Vanaskie, Chief Judge
                                            Middle District of Pennsylvania