**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **VISHNU RAMSARAN,** | : |
| Plaintiff, | : CIVIL NO. 3:CV-04-1431 |
| vs. | : (CHIEF JUDGE VANASKIE) |
| **CLINTON COUNTY CORRECTIONAL FACILITY, et al.,** | : |
| Defendants. | : |

# M E M O R A N D U M

**BACKGROUND**

Vishnu Ramsaran is a detainee of the Bureau of Immigrations and Customs ("BICE"). He filed this consolidated civil rights action pursuant to 42 U.S.C. § 1983 while an inmate at the Clinton County Correctional Facility ("CCCF"). During the pendency of the case, he was transferred to the York County Prison. The matter presently proceeds on an amended complaint (Dkt. Entries 16, 17.) Named as Defendants are the Department of Homeland Security ("DHS") and Joseph Ceballos, the Director of DHS. Also named as Defendants are the CCCF and the following CCCF employees: Warden Tom Duran; Correctional Officer Serafini, and Lieutenant Michael Bechdel. In the complaint Ramsaran alleges that he is legally blind. He states that upon his release from the Woodburn Correctional Facility on May 21,

2004, he was picked up by DHS and taken to CCCF.  He claims that DHS knew he was legally blind, but placed him at CCCF, which is not equipped for blind inmates.

Ramsaran alleges that on the evening of June 2, 2004, he was returning from the infirmary after getting his insulin when he walked into a door frame.  He claims he fell and hit his head on the concrete floor.  He was "knocked out" for a few minutes, and thereafter escorted to his cell by Defendants Bechdel and Serafini.  According to Ramsaran, he suffered from a bloody nose for over one (1) month.  He contends that Defendant Bechdel refused his request to go to the hospital.  Based upon his improper placement at a facility not equipped for a blind inmate and the inadequate medical care he received, Ramsaran seeks damages under the Eighth Amendment.

Presently pending in this action are a motion to dismiss the complaint filed by Defendant Ceballos (Dkt. Entry 34), and a motion for summary judgment filed by the remaining Defendants (Dkt. Entry 38).  Also pending is Ramsaran's motion seeking reconsideration of the Court's denial of his second motion for appointment of counsel (Dkt. Entry 39).  For the reasons that follow, the motion for reconsideration will be denied, the case will be dismissed for failure to prosecute, and the motions to dismiss and for summary judgment will be denied as moot.

**DISCUSSION**

    **A.**    **Reconsideration of Denial of Second Motion for Counsel**

On April 21, 2005, this Court denied Ramsaran's second motion seeking the appointment of counsel. (Dkt. Entry 22.) Cited as reasons for the denial were Ramsaran's continuous demonstration of the ability to prepare and submit documents to the Court which were legible, comprehensible, and responsive to Court orders, as well as the fact that Ramsaran had access to the law library to conduct necessary research in preparing his documents.

In seeking reconsideration, Ramsaran argues that he will need a lawyer to assist in the investigation of his claims and proceed to trial on his behalf. Consideration of such matters, however, is premature at this point in the case in light of the dispositive motions that are presently pending.

Another argument raised by Ramsaran is that he is currently confined in the Medical Department Special Housing Unit, and therefore has no access to the York County Prison law library. In response to this argument, the pro se law clerk office for this Court telephoned the York County Prison to inquire as to whether Ramsaran was still confined there. It was through this call that it was learned that Ramsaran had been deported to Trinidad on November 29, 2005. According to the prison, Ramsaran left no forwarding address. Clearly, his remaining argument in support of counsel in this case has now become moot in that he not only is no longer confined in the Medical Special Housing Unit, he is no longer in prison in the United

States. Accordingly, the motion for reconsideration will be denied.

### B.     Pending Motion to Dismiss and Motion for Summary Judgment

Ramsaran has failed to file papers in opposition to either the motion to dismiss or the motion for summary judgment pending in this case. Under normal circumstances, the Court would issue an Order directing him to file his opposition to the motions or risk the dismissal of his complaint pursuant to Federal Rule of Civil Procedure 41(b).[1] However, in the instant case it would be futile to issue such an order as Ramsaran is no longer confined at the prison, but rather, has been deported to Trinidad and left no forwarding address.

When this case was initially filed, Ramsaran was provided with a copy of this Court's Standing Practice Order, which provides in relevant part as follows:

> A pro se plaintiff has the affirmative obligation to keep the court informed of his or her address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address the plaintiff will be deemed to have abandoned the lawsuit.

(Dkt. Entry 3.)

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate. See Federal Rule of Civil Procedure 41(b); Link v. Wabash Railroad

---

[1] Generally, a dispositive motion may not be granted merely because it is unopposed. However, when a plaintiff fails to prosecute or comply with a court order, the Court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Co., 370 U.S. 626, 629 (1962). Ramsaran was deported to Trinidad almost two (2) months ago. He did not leave a forwarding address with the York County Prison or advise this Court of his change of address. Consequently, he has clearly failed to comply with a requirement of the Court's Standing Practice Order.

Moreover, Ramsaran's failure has prevented the resolution of this matter. The inability of this Court to communicate with him is solely the result of his own inaction and prevents the taking of any other sanctions. See Poulis v. State Farm, 747 F.2d 863 (3d Cir. 1984). Since Ramsaran's whereabouts are unknown, it would be a waste of judicial resources to allow this action to continue.

The Court is satisfied that based on Ramsaran's failure to oppose the pending motions and his failure to advise the Court of his new address, the dismissal of this action for failure to prosecute is warranted. The pending motion to dismiss and motion for summary judgment will be denied as moot. An appropriate Order follows.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **VISHNU RAMSARAN,** : | |
| : | |
| Plaintiff, : | **CIVIL NO. 3:CV-04-1431** |
| : | |
| vs. : | **(CHIEF JUDGE VANASKIE)** |
| : | |
| **CLINTON COUNTY CORRECTIONAL** : | |
| **FACILITY, et al.,** : | |
| : | |
| Defendants. | |

## O R D E R

 **NOW, THIS 30th DAY OF JANUARY, 2006,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration of the Denial of Counsel (Dkt. Entry 39) is **DENIED**.

2. Pursuant to Fed. R. Civ. P. 41(b), this action is **DISMISSED**.

3. Defendant Ceballo's Motion to Dismiss (Dkt. Entry 34) and the remaining Defendants' Motion for Summary Judgment (Dkt. Entry 38) are **DISMISSED AS MOOT**.

4. The Clerk of Court is directed to mark this matter **CLOSED.**

                                                **s/ Thomas I. Vanaskie**
                                                Thomas I. Vanaskie, Chief Judge
                                                Middle District of Pennsylvania